UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YUE WAH CHAO,<br><br>                              Plaintiff,<br><br>-against-<br><br>979 SECOND AVE LLC and ELIAS TSINIAS,<br><br>                              Defendants. | 1:25-cv-00778 (ALC)<br><br>**MEMORANDUM & ORDER** |

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff, appearing *pro se*, brings this complaint and an order to show cause seeking damages and to reverse a state court judgment. After a review of the pleadings and briefing filed by the parties, the Court determines that it is prevented from exercising jurisdiction over Plaintiff's claims and request for a preliminary injunctive relief. Accordingly, this case is dismissed.

## BACKGROUND

This matter arises out of state court litigation between Plaintiff Yue Wah Chao, who is proceeding *pro se* in this action, and Defendants 979 Second Ave LLC ("979") and Elias Tsinias ("Tsinias" and together with 979, "Defendants"). *See generally* ECF Nos. 1, 16. Although the specific details are at times hard to discern from the pleadings, Defendants have repeatedly sought to enforce a guaranty against Plaintiff in connection with a leased property at 979 Second Avenue, New York, New York. In several, if not all, of the state court proceedings related to this conflict, Plaintiff has been unsuccessful and the state courts have entered judgment in favor of Defendants.

*See* ECF No. 16 ¶¶ 6, 8–9, 12. Plaintiff principally complains about a "receiver order" issued by the state court. *See* ECF No. 1 at 5.

On January 27, 2025, Plaintiff filed the complaint. *See* ECF No. 1 ("Compl."). The following day, Plaintiff moved for a temporary restraining order and a preliminary injunction. *See* ECF No. 7. Specifically, Plaintiff sought to (1) prohibit Defendants from accessing Plaintiff's property and (2) reverse the state court's judgment in favor of Defendants. *See* ECF No. 8 at 2. The Court reviewed the complaint to ascertain its subject matter jurisdiction and observed that Plaintiff's purported federal claims seemed to relate solely to state law. *See* ECF No. 9 ("The elder abuse and elder financial exploitation statutes referenced by the Plaintiff are New York state statutes. . . . Section 22-1005 of the New York City Administrative Code is the local law of the city. . . . Additionally, Plaintiff refers to state contract law claims." (internal citations omitted)).

In order to assess subject matter jurisdiction, the Court issued an order to show cause ("OSHOW") why the case should not be dismissed for lack of subject matter jurisdiction. *Id.* Plaintiff responded to this OSHOW on February 27, 2025. *See* ECF No. 13. Defendants submitted a brief arguing that this Court lacks subject matter jurisdiction on March 4, 2025. *See* ECF No. 16. Plaintiff submitted a reply on March 18, 2025. *See* ECF No. 19.

Reading the *pro se* response liberally, Plaintiff argues that this Court has subject matter jurisdiction under 28 U.S.C. § 1331 as the complaint raises constitutional violations which occurred during the state court proceedings and as a result of the state court judgments in favor of Defendants. *See generally* ECF No. 13. Plaintiff argues that Defendants failed to provide Plaintiff notice at various points in the litigation and submitted fraudulent documents to the state courts. *See id.* at 1–6. Plaintiff also argues that the state court failed to provide Plaintiff an adjournment,

an interpreter, and a trial, entering summary judgment in Defendants' favor. *See id.* at 6–7 ("[T]he Lower court [seriously] violated my lawful & legal right[s] [under the] US Constitution['s] 5th [and] 14[th] Amendment[s]."). Defendants respond that the Court continues to lack subject matter jurisdiction because Plaintiff's constitutional claims are conclusory. *See* ECF No. 16 ¶¶ 22–23.

## STANDARD OF REVIEW

### I.     Subject Matter Jurisdiction

To assess its subject matter jurisdiction, a court "must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (internal quotation omitted). "[B]ut jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Id.* Rather, "[t]he plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). Courts "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but [the Court] may not rely on conclusory or hearsay statements contained in the affidavits." *J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004).

### II.    Federal Rule of Civil Procedure 12(b)(6)

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

3

(citing *Twombly*, 550 U.S. at 556). The plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully," and accordingly, where the plaintiff alleges facts that are "'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In considering a motion to dismiss, courts accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008). However, the court need not credit "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555); *see also id.* at 681. Instead, the complaint must provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) (citing *Twombly*, 550 U.S. at 555). In addition to the factual allegations in the complaint, the court may consider "the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (internal quotation omitted).

### III.  *Pro Se* Pleadings

"Courts must afford *pro se* plaintiffs 'special solicitude' before granting motions to dismiss or motions for summary judgment." *Quadir v. New York State Dep't of Lab.*, 39 F. Supp. 3d 528, 536 (S.D.N.Y. 2014) (quoting *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994)). "This policy of liberally construing *pro se* submissions is driven by the understanding that implicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal

training." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (internal quotations and modifications omitted). Therefore, courts read *pro se* filings "to raise the strongest arguments that they suggest." *Id.* at 474.

## DISCUSSION

Reading the pleadings to raise the strongest arguments they suggest, the Court finds Plaintiff's response identifies a federal claim: that Plaintiff's constitutional rights were violated by Defendants and the state court. Nevertheless, the Court is still unable to exercise jurisdiction over these claims, as they are barred by the *Rooker-Feldman* doctrine.

**I.    Plaintiff's Claims are Barred by the *Rooker-Feldman* Doctrine**

The doctrine—created by two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482–86 (1983)—"establishe[s] the clear principle that federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005). "Within the federal judicial system, only the Supreme Court may review state-court decisions." *Green v. Mattingly*, 585 F.3d 97, 101 (2d Cir. 2009).

The *Rooker-Feldman* doctrine applies where: "(1) the plaintiff lost in state court, (2) the plaintiff complains of injuries caused by the state court judgment, (3) the plaintiff invites district court review of that judgment, and (4) the state court judgment was entered before the plaintiff's federal suit commenced." *McKithen v. Brown*, 626 F.3d 143, 154 (2d Cir. 2010). Under the *Rooker-Feldman* doctrine, federal courts are prevented from exercising subject matter jurisdiction and must dismiss such claims. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291–92 (2005).

Here, Plaintiff lost in state court and the state court's judgment was entered before this action commenced, satisfying elements one and four of the doctrine. Plaintiff essentially requests that the state-court judgment be vacated because it was rendered "without due process of law," satisfying element three. *See* ECF No. 13 at 4. As to the second element, the Court must determine whether the procedural due process concerns Plaintiff raises are properly considered "injuries caused by the state court judgment." *McKithen*, 626 F.3d at 154.

"The second requirement-that the plaintiff complain of an injury caused by a state judgment-'is the core requirement from which the others derive,' and 'explains why a federal plaintiff cannot escape the *Rooker-Feldman* bar simply by relying on a legal theory not raised in state court.'" *Bush v. Danziger*, No. 06 CIV. 5529 (PKC), 2006 WL 3019572, at *4 (S.D.N.Y. Oct. 23, 2006) (quoting *Hoblock*, 422 F.3d at 87). "[A] federal suit is 'barred by *Rooker–Feldman* only if it complains of injury from the state-court judgment and seeks review and rejection of that judgment.'"*Alroy v. City of New York L. Dep't*, 69 F. Supp. 3d 393, 399 (S.D.N.Y. 2014) (quoting *Hoblock*, 422 F.3d at 86). "[T]he applicability . . . turns not on the similarity between a party's state-court and federal-court claims . . . but rather on the causal relationship between the state-court judgment and the injury of which the party complains in federal court." *McKithen*, 481 F.3d at 97–98. "The causal requirement is satisfied 'where, as in *Feldman*, the state court itself is the decision-maker whose action produces the injury.'" *Alroy*, 69 F. Supp. 3d at 399 (quoting *Sindone v. Kelly*, 439 F. Supp. 2d 268, 272 (S.D.N.Y. 2006)).

In light of this case law, it is clear that Plaintiff's constitutional claims are barred by the *Rooker-Feldman* doctrine. To the extent Plaintiff's injuries arise from concerns about the specific procedures used by the state court and Plaintiff's ability to access the court, courts have found such

6

due process claims aimed at state courts' procedures to be barred by the *Rooker-Feldman* doctrine, if a finding in the plaintiff's favor would reverse the state-court judgment. *See Bernstein v. New York*, No. 06 CIV. 5681 (SAS), 2007 WL 438169, at *6 (S.D.N.Y. Feb. 9, 2007) ("If this Court were to declare that Bernstein was denied due process during the state court proceedings, it would effectively be reversing a judgment of the state court."); *see also Morris v. Sheldon J. Rosen, P.C.*, No. 11-CV-3556 JG LB, 2012 WL 2564405, at *4 (E.D.N.Y. July 2, 2012) (*Rooker-Feldman* barred procedural due process claims arising from related state court litigation), *aff'd sub nom. Morris v. Rosen*, 577 F. App'x 41 (2d Cir. 2014). Here, Plaintiff explicitly asks the Court to reverse the state court judgment to address these due process violation, establishing the necessary causal requirement. *See* ECF No. 8 at 2; *see also Alroy*, 69 F. Supp. 3d at 399.

To the extent Plaintiff raises constitutional claims regarding Defendants' actions in state court, these too are barred by *Rooker-Feldman*. Even though Defendants' actions occurred prior to the state court's judgment, Plaintiff's injury still arises from the state court's order rather than Defendants' actions. *See Alroy*, 69 F. Supp. 3d at 400 ("[T]he fact that Plaintiff alleges Defendants colluded and engaged in wrongful conduct prior to the State Court's decision to dismiss the claims against the City Defendants does not rescue his injury from being 'caused by' the State Court judgment. Plaintiff's injury did not exist prior to the time of the state-court proceedings; it occurred when the State Court entered summary judgment in favor of the City Defendants."); *see also Davis v. Baldwin*, No. 12-CV-6422 ER, 2013 WL 6877560, at *5 (S.D.N.Y. Dec. 31, 2013) (*Rooker-Feldman* barred consideration of proper service and notice in state court action) *aff'd*, 594 F. App'x

49 (2d Cir. 2015); *MacPherson v. Town of Southampton*, 738 F. Supp. 2d 353, 365–66 (E.D.N.Y. 2010) (*Rooker-Feldman* barred consideration of proper service and notice in state court action.[1]

## II.     Plaintiff Fails to State a Federal Claim Against Defendants

Even if Plaintiff's claims were not barred by the *Rooker-Feldman* doctrine, Plaintiff would fail to state a claim pursuant to federal law. The Court liberally construes Plaintiff's due process violations as brought pursuant to 42 U.S.C. § 1983 ("Section 1983" or "1983"). A claim for relief under Section 1983 must allege facts showing that the defendant acted under color of state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983; *see Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 155–57 (1978); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970). As the Supreme Court has held, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotations omitted). Defendants are not state actors, and therefore, Plaintiff's complaint fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Trang v. Concris Realty Co.*, No. 05CV5441RJDLB, 2005 WL 1398004, at *3 (E.D.N.Y. June 14, 2005) (finding the court was prevented from exercising jurisdiction by the *Rooker–Feldman* doctrine, and alternatively, that plaintiff failed to state a 1983 claim against private actors).

The Court takes no position on whether Plaintiff sufficiently states the remaining state law claims. Under 28 U.S.C. § 1367(c), a district court may decline to exercise jurisdiction over supplemental claims when, *inter alia*, "the district court has dismissed all claims over which it has

---

[1] The Court notes that even though the *Rooker-Feldman* doctrine prevents it from exercising jurisdiction over these claims, Plaintiff may still seek relief through the proper avenues and may appeal the civil court's decision "to higher New York courts and, eventually, to the U.S. Supreme Court under 28 U.S.C. § 1257." *Green v. Mattingly*, 585 F.3d 97, 103 (2d Cir. 2009).

original jurisdiction." 28 U.S.C. § 1367(c)(3). "The Second Circuit has explained that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point toward declining to exercise jurisdiction over the remaining state-law claims.'" *Bush v. Danziger*, No. 06 CIV. 5529 (PKC), 2006 WL 3019572, at *4 (S.D.N.Y. Oct. 23, 2006) (quoting *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003)). Such is the case here and so the Court declines to exercise supplemental jurisdiction over the Plaintiff's remaining claims under state law.

### III.     Leave to Amend Would Be Futile

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). "However, leave to amend is unnecessary if it would be futile." *Jordan v. Levine*, 536 F. App'x 158, 159 (2d Cir. 2013). Having decided that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine, the Court finds the defects in the pleadings cannot be cured with amendment. As previously stated, even if this was not the case, Defendants would still not be liable the constitutional violations alleged by Plaintiff.[2] *See supra* at II.

Because these defects in Plaintiff's complaint cannot be cured, the Court declines to grant Plaintiff an opportunity to amend.

---

[2] The Court also notes that if the complaint instead named the judges who presided over the parties' state court litigation as defendants, Plaintiff's claims would still be barred by the doctrine of judicial immunity. *See, e.g.*, *Dennis v. Sparks*, 449 U.S. 24, 27 (1980) (judges defending against a § 1983 claim have absolute immunity for acts performed in their judicial capacity); *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) ("[Judicial] immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." (internal citations omitted)).

## CONCLUSION

The Court dismisses this action under the *Rooker-Feldman* doctrine. The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff, terminate all pending motions, and close this case.

**SO ORDERED.**

Dated:  April 24, 2025
        New York, New York

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**